### AS TO THE ENGRAFTING OF A TRUST ON LANDS.

Circuit Court of Cuyahoga County.

S. T. LeBaron v. Arthur A. Skeels et al.

Decided, December 24, 1904.

*Trusts and Trustees—Evidence to Engraft Trust on a Deed Absolute Must be Clear and Convincing.*

The evidence necessary to engraft a trust on lands conveyed by deed absolute must be clear and convincing and where the plaintiff has allowed eight years to elapse before seeking to establish the trust, the evidence of one prejudiced witness as to declarations of the original grantee, since deceased, will not be sufficient to meet that requirement.

Winch, J.; Hale, J., and Marvin, J., concur.

This case was heard on appeal.   The petition was originally filed in the common pleas court January 23, 1902, and in it the plaintiff asks the court to ingraft a trust upon a deed absolute on its face whereby on May 26, 1891, eleven years before, certain premises in Cuyahoga county were deeded to one Frank B. Skeels.   The plaintiff says that he paid one-half of the purchase price for said premises and that at the time said deed was made it was the express understanding that said Skeels should take title in his own name in trust for himself and plaintiff, each to have a one-half interest in said premises.

The records with regard to said title, beginning with said deed to Skeels in 1891, show that on June 15, 1894, Skeels deeded said premises, by deed absolute on its face, to one C. A. Bejcek; January 22, 1895, by similar deed, the premises were conveyed

by Bejcek to Rose Skeels, wife of said Frank B. Skeels; she died November 8, 1897, and by her will this property was left to her husband; January 31, 1900, he deeded the premises, by quit-claim deed, to his brother Arthur, defendant in this action; the proof shows and it is admitted by Arthur, that this deed was in reality a mortgage to secure money due and thereafter to be advanced by Arthur to his brother; about six months later Frank became insane and died about a year later, June 27, 1901, after having been confined in a private hospital for the insane. The following September his administrator brought proceedings to sell this land as part of his decedent's estate, made Arthur party defendant to said suit and the latter set up the conveyance to him as a mortgage, claiming $700 due him thereunder. This was found to be the case, sale was ordered and made and Arthur became purchaser of the premises for $1,200, $700 of which was paid by crediting on the purchase price the debt due him from the estate, the balance, $500, remaining in his hands as guardian of Frank's two minor children, one of whom has since come of age and has been paid her share; the $250 due the other minor is still held by defendant, Arthur A. Skeels, as his guardian.

The only testimony upon which it is sought to ingraft a trust upon this property is that of C. A. Bejcek, who says that he formed a partnership with F. B. Skeels in 1891 and was then shown deeds in the safe which said Skeels remarked represented the title to property which he held in trust for himself and plaintiff; when the deed was made to him three years later witness testifies that said Skeels stated that he was financially involved and deeded the property to the witness to hold as in trust for himself and plaintiff, one-half for each, and that the next year he deeded said property to the wife at said Skeel's request and then told her that he deeded it to her in trust to hold for the equal benefit of her husband and plaintiff.

The lapse of time since these transactions, the witness' personal difficulties with defendant about other matters, the utter failure of proof that plaintiff made any effort to establish this secret trust from the time that the wife took title in 1895 until eight years later when he brought suit, meanwhile the wife dying

and the husband first becoming insane and a year later dying himself—all these circumstances tend to weaken the effect of said witness' statements, so that we are unable to say that uncorroborated as he is this witness brings the proof within the rule laid in the case of *Boughman* v. *Boughman,* 69 O. S., 273, which "requires that parol evidence to engraft an express trust in lands upon a deed absolute shall clearly and convincingly show that contemporaneously with the execution of the deed the terms of the trust were declared and beneficiaries designated."

Again it was sought to show that defendant had notice of plaintiff's claims, both before he took deed in 1900 and again before the land sale proceedings in the probate court in 1901, but, without stating the evidence on this subject, it is sufficient to say that it was not satisfactory.

Perhaps the principal reason we decide this case against the plaintiff is because his conduct was so absolutely indifferent as to his alleged interest in the property for about eleven years, during which time he allowed the person he claims was trustee for him to convey the property as his own and to become incapacitated and die without making any claim upon him or effort to establish his interest.

Secret trusts are not favored and we fear this secret has died with the trustee, if ever there was one. It would have been so simple for plaintiff to have taken from Frank B. Skeels a written statement of his alleged trusteeship that he must not now complain if the rules regarding parol proof are enforced against him.

The petition is dismissed.